UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x Case No.:25-CV-01138(AS)
MAYER IBRAGIMCHAYEV, Individually
and on behalf of all other persons similarly
situated,

                Plaintiff,

      -against-                       **ANSWER**

CHAMPION ELEVATOR CONSTRUCTION CORP.,

              Defendants.
-------------------------------------------------------------------x

Defendant Champion Elevator Construction Corp. (hereinafter referred to as "Defendant")

by its attorneys, Certilman Balin Adler & Hyman, LLP, as and for their answer to the complaint

filed by plaintiff Mayer Ibragimchayev (hereinafter referred to as "Plaintiff") dated February 7,

2025 (hereinafter the "Complaint") alleges as follows:

## AS TO "NATURE OF THE ACTION"

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph 1 of the Complaint.

2.      Denies the allegations contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraph 4 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in paragraph 5 of the Complaint.

8522500.1

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

## AS TO THE "PARTIES"

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.    Admits the allegations contained in paragraph 10 of the Complaint.

11.    Denies the allegations contained in paragraph 11 of the Complaint, except admit that Defendant employed named Plaintiff.

12.    Admits the allegations contained in paragraph 12 of the Complaint.

## AS TO "STATEMENT OF FACTS"

13.    Admits the allegations contained in paragraph 13 of the Complaint.

14.    Admits the allegations contained in paragraph 14 of the Complaint.

15.    Denies the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

2

8522500.1

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

8522500.1

31.    Denies the allegations contained in paragraph 31 of the Complaint.

32.    Denies the allegations contained in paragraph 32 of the Complaint.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.    Denies the allegations contained in paragraph 35 of the Complaint.

36.    Denies the allegations contained in paragraph 36 of the Complaint.

37.    Denies the allegations contained in paragraph 37 of the Complaint.

38.    Denies the allegations contained in paragraph 38 of the Complaint.

39.    Denies the allegations contained in paragraph 39 of the Complaint.

40.    Denies the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

42.    Denies the allegations contained in paragraph 42 of the Complaint.

43.    Denies the allegations contained in paragraph 43 of the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    Denies the allegations contained in paragraph 48 of the Complaint.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    Denies  the allegations contained in paragraph 50 of the Complaint.

8522500.1

51.     Denies the allegations contained in paragraph 51 of the Complaint, except refers the Court to the collective bargaining agreement for the terns, meaning and import thereof.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

8522500.1

68.    Denies the allegations contained in paragraph 68 of the Complaint.

69.    Denies the allegations contained in paragraph 69 of the Complaint.

70.    Denies the allegations contained in paragraph 70 of the Complaint.

71.    Denies the allegations contained in paragraph 71 of the Complaint.

72.    Denies the allegations contained in paragraph 72 of the Complaint.

73.    Denies the allegations contained in paragraph 73 of the Complaint.

74.    Denies the allegations contained in paragraph 74 of the Complaint.

75.    Denies the allegations contained in paragraph 75 of the Complaint.

76.    Denies the allegations contained in paragraph 76 of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.    Denies the allegations contained in paragraph 78 of the Complaint.

79.    Denies the allegations contained in paragraph 79 of the Complaint.

80.    Denies the allegations contained in paragraph 80 of the Complaint.

81.    Denies the allegations contained in paragraph 81 of the Complaint.

82.    Denies the allegations contained in paragraph 82 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

8522500.1

85. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

87. Denies the allegations contained in paragraph 87 of the Complaint.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in paragraph 90 of the Complaint.

### AS TO THE "CLASS ACTION ALLEGATIONS"

91. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint.

92. Denies the allegations contained in paragraph 92 of the Complaint.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies the allegations contained in paragraph 97 of the Complaint.

8522500.1

## AS TO THE "COLLECTIVE ACTION ALLEGATIONS"

98.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint.

99.    Denies the allegations contained in paragraph 99 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE FLSA

100.    Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 99 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

101.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint.

103.    Admits the allegations contained in paragraph 103 of the Complaint.

104.    Admits the allegations contained in paragraph 104 of the Complaint.

105.    Denies the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

8522500.1

**AS TO THE SECOND CAUSE OF ACTION**
**FAILURE TO PAY THE OVERTIME PREMIUM**
**PAY UNDER THE NEW YORK LABOR LAW**
(On Behalf of Named Plaintiff and the Class Members)

110. Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 109 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

111. Admits the allegations contained in paragraph 111 of the Complaint.

112. Denies the allegations contained in paragraph 112 of the Complaint.

113. Denies the allegations contained in paragraph 113 of the Complaint.

114. Denies the allegations contained in paragraph 114 of the Complaint.

115. Denies the allegations contained in paragraph 115 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE 195.3 WAGE STATEMENT**
**UNDER THE NEW YORK LABOR LAW**
(On behalf of Named Plaintiff and the Class Members)

116. Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 115 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

117. Denies the allegations contained in paragraph 117 of the Complaint.

118. Denies the allegations contained in paragraph 118 of the Complaint.

9

8522500.1

**AS TO THE FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW**
(On Behalf of Named Plaintiff and the Class Members)

119.    Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 118 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint

**AS TO THE FIFTH CAUSE OF ACTION
RETALIATION – UNDER THE NEW YORK LABOR LAW**
(On Behalf of Named Plaintiff)

122.    Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 121 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

123.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint.

124.    Admits the allegations contained in paragraph 124 of the Complaint

125.    Denies the allegations contained in paragraph 125 of the Complaint

126.    Denies the allegations contained in paragraph 126 of the Complaint

127.    Denies the allegations contained in paragraph 127 of the Complaint

10

8522500.1

128.   Denies the allegations contained in paragraph 128 of the Complaint

129.   Denies the allegations contained in paragraph 129 of the Complaint

## AS TO THE SIXTH CAUSE OF ACTION
## SEX DISCRIMINATION NEW YORK STATE HUMAN RIGHTS LAW
(On Behalf of Named Plaintiff)

130.   Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 130 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

131.   Admits the allegations contained in paragraph 131 of the Complaint.

132.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint

134.   Denies the allegations contained in paragraph 134 of the Complaint

135.   Denies the allegations contained in paragraph 135 of the Complaint

## AS TO THE SEVENTH CAUSE OF ACTION
## GENDER-BASED DISCRIMINATION NEW YORK CITY HUMAN RIGHTS LAW
(On Behalf of Named Plaintiff)

136.   Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 135 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

11

8522500.1

137.   Admits the allegations contained in paragraph 137 of the Complaint.

138.   Denies the allegations contained in paragraph 138 of the Complaint.

139.   Denies the allegations contained in paragraph 139 of the Complaint.

140.   Denies the allegations contained in paragraph 140 of the Complaint.

141.   Denies the allegations contained in paragraph 141 of the Complaint.

142.   Denies the allegations contained in paragraph 142 of the Complaint.

**AS TO THE EIGHTH CAUSE OF ACTION**
**FAMILIAL STATUS DISCRIMINATION NEW YORK STATE HUMAN RIGHTS LAW**
(On Behalf of Named Plaintiff)

143.   Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 142 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

144.   Admits the allegations contained in paragraph 144 of the Complaint.

145.   Denies the allegations contained in paragraph 145 of the Complaint.

146.   Denies the allegations contained in paragraph 146 of the Complaint.

147.   Denies the allegations contained in paragraph 147 of the Complaint.

148.   Denies the allegations contained in paragraph 148 of the Complaint.

8522500.1

## AS TO THE NINTH CAUSE OF ACTION
## CAREGIVER STATUS DISCRIMINATION
## NEW YORK STATE HUMAN RIGHTS LAW
(On Behalf of Named Plaintiff)

149.    Defendant repeats, reiterates, and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 148 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

150.    Denies the allegations contained in paragraph 150 of the Complaint.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph 156 of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

155.    Paragraphs "a" through "o" of the Complaint are a demand for judgment to which no response is required; however, to the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## AS TO PLAINTIFF'S "JURY DEMAND"

156.    The allegations in the Complaint are a demand for jury trial to which no response is required; however, to the extent a response is required, Defendant denies that Plaintiff is entitled to a jury trial or any trial whatsoever.

13

8522500.1

## ADDITIONAL AVERMENTS

157.    Defendant denies all claims and allegations not unequivocally admitted herein.

*       *       *       *       *

158.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendant asserts the following defenses as to Plaintiff's claims:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

159.    The Complaint fails to state a claim upon which relief can be granted against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

160.    The claims alleged herein are barred, in whole or in part, by the applicable statutes of limitation including but not limited to, the two and three year statutes of limitation pertinent to Plaintiff's FLSA claim, and the six year statute of limitations pertinent to Plaintiff's New York Labor Law claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

161.    Plaintiff's claim is not typical of those of the purported class or collective action.

14

8522500.1

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

162.    Plaintiff is prohibited from bringing a class action for his claims under the New York Labor Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

163.    Plaintiff is prohibited from bringing a collective action under the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

164.    At all times alleged in the Complaint, Defendant complied with all requirements concerning payment of wages, including without limitation, overtime, minimum wage, and spread of hours pursuant to the FLSA and New York State law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

165.    To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiff's claims are barred in whole or in part. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

15

8522500.1

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

166.    To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the NYLL, Plaintiff's claims are barred in whole or in part. This defense also may apply to the claims of some or all of the collective or class of allegedly similarly-situated persons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

167.    Defendant, at all times, acted in good faith to comply with the NYLL and with reasonable grounds to believe that its actions did not violate the NYLL, and Defendant asserts a lack of willfulness or intent to violate the NYLL as a defense to any claim by Plaintiff for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

168.    There being no appropriate class representative, the entire collective complaint seeking collective relief must be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

169.    To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report his hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours, Defendant

16

8522500.1

hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiff. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

170.    Plaintiff's claim is barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

171.    Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

172.    Plaintiff's claim is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

173.    To the extent Plaintiff, or any member of the collective he purports to represent, have suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and/or said purported collective members, and not any act or omission of Defendant.

17

8522500.1

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

174.    Plaintiff and/or the putative members of the purported collective alleged in the Complaint may be exempt from overtime requirements under the FLSA and/or the New York Labor Law and therefore are not entitled to overtime pay during all relevant periods.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

175.    If Defendant is found to have failed to pay Plaintiff, and/or any putative members of the purported collective alleged in the Complaint, any amount due, which Defendant denies, Defendant is entitled to set off any overpayments or other sums owed by Plaintiff or putative collective members against any judgment.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

176.    Plaintiff has not and cannot establish the requirements of a collective action under the Federal Rules of Civil Procedure because they are not similarly situated.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

177.    Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to the FLSA and therefore, the collective action allegations of the Complaint must be stricken and dismissed.

8522500.1

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

178. Plaintiff and putative plaintiffs lack standing to bring wage notice and wage statement claims under NYLL.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

179. Plaintiff failed to avail himself of conditions precedent to asserting the claims.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

180. Defendant had legitimate non-discriminatory reasons for the treatment of Plaintiff.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

181. Plaintiff failed to avail himself of procedural remedies under the Defendant's employee handbook and/or collective bargaining agreement.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

182. Plaintiff's claims are barred by virtue of the arbitration provision in the collective bargaining agreement between Defendant and Plaintiff's Union.

Defendant reserves the rights to assert additional defenses or claims which may become known during the course of discovery.

8522500.1

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment dismissing the Complaint in its entirety, together with the costs, disbursements and attorneys' fees incurred herein and such other and further relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
       March 24, 2025

CERTILMAN BALIN ADLER & HYMAN, LLP


By: _Danny Rowe_____
       Douglas E. Rowe, Esq.
       *Attorneys for Defendant*
       90 Merrick Avenue, 9th Floor
       East Meadow, NY 11554
       516-296-7000
       drowe@certilmanbalin.com

TO:    LIPSKY LOWE LLP
       Douglas Lipsky, Esq.
       *Attorney for Plaintiff*
       420 Lexington Avenue, Ste. 1830
       New York, NY 10170
       212-392-4772
       doug@lipskylowe.com

8522500.1